**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT** | § | |
| **OPPORTUNITY COMMISSION,** | § | |
| | § | |
| | § | **CIVIL ACTION NO.** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **COMPLAINT** |
| | § | |
| **UNITED BIBLE FELLOWSHIP** | § | |
| **MINISTRIES, INC.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendant.** | § | |

_____

## ORIGINAL COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Shamira Johnson and other female employees of Defendant who were told to stop working because of their pregnancies under an unlawful pregnancy in the workplace policy. These allegations are discussed in greater particularity in paragraphs 8 through 13 below.

### JURISDICTION AND VENUE

1.      Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     Venue is proper within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division under 28 U.S.C. § 1391 and Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3).

3.     The employment actions alleged to be unlawful occurred in Houston, Texas, which is within the jurisdiction of this Court.

## PARTIES

4.     Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5.     Defendant, United Bible Fellowship Ministries, Inc. (the "Defendant" or "Employer"), is a non-profit organization that has been and is now doing business in the State of Texas and the City of Houston and has continuously had more than fifteen (15) employees. Defendant may be served by serving its registered agent for service of process, Julius Glass, 12539 Cutten Road, Houston, Texas 77066.

6.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e(b), (g) and (h).

## STATEMENT OF THE CLAIMS

7.     More than thirty (30) days prior to the institution of this lawsuit, Ms. Shamira Johnson (formally known as Shamira Bullock) filed a charge with the Commission alleging a

violation of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled, including the timely filing of a charge and an attempt to conciliate the matter.

8.      Since at least 2009, Defendant has engaged in unlawful employment practices at its Houston, Texas establishments in violation of Sections 701(k) and 703(a)(1) of Title VII, 42 U.S.C. § 2000e(k) and 2000e-2(a)(1).  The practices include subjecting Ms. Johnson and other female employees of Defendant to unlawful sex discrimination on the basis of pregnancy.

9.      Ms. Shamira Johnson began working for Defendant in or around late October or early November 2010, and continuously held the position of Resource Technician providing home care assistance to elderly and disabled individuals.  At the time, she was known as Shamira Bullock.  In March 2011, Ms. Johnson became pregnant.

10.      On April 12, 2011, Defendant's Program Director, Ms. Dolores Moss, called Ms. Johnson to her office and asked Ms. Johnson whether she was pregnant.  Ms. Johnson confirmed that she was.  Ms. Moss then conferred at that moment with the Human Resources Director, Ms. Madeleine Glass, and proceeded to type a memo in front of Ms. Johnson with the subject line – Relief of Duty Due To Pregnancy.  The memo addressed to Ms. Johnson states in its entirety:

> On today we spoke in regards to your employment status with United Bible Fellowship Ministries due to your recently discovered pregnancy.  In accordance with the Policy of Pregnancy in the Workplace you understand that you will be relieved of duty pending your pregnancy and that upon your delivery you will be eligible for rehire for any direct care position that we have available at that time.

Ms. Johnson asked to be transferred to another position, but Ms. Moss discharged Ms. Johnson immediately without pay.  She told Ms. Johnson that after she had her baby, she could return to work if a position was available.

11.     Prior to April 12, 2011, Ms. Johnson was not aware of the "Policy of Pregnancy in the Workplace."  The policy had never been discussed with her, and a copy of it was never given to her. In fact, she never received an employee handbook of any sort.

12.     Defendant's Policy of Pregnancy in the Workplace lists as its purpose to "Ensure the safety of the mother and unborn child/children during pregnancy of direct care applicants and current direct care employees."  The policy's "Procedures" state that "Due to the high risk of injury to mother and/or unborn child/children by a physically aggressive client, the Agency will ask potential direct care applicants if they are pregnant upon application for employment."

13.     A few days after her firing, Ms. Johnson was rushed to a hospital emergency room, and she miscarried.

14.     Under Section 701(k) of Title VII, to discriminate against an individual "because of sex" is defined to include discriminating because of, or on the basis of pregnancy.  42 U.S.C. § 2000e(k).  Defendant's Policy on Pregnancy in the Workplace makes clear that Defendant does not allow women to work in direct care positions while pregnant.

15.     The unlawful practices by Defendant complained of herein have deprived Ms. Johnson and other adversely affected pregnant employees and applicants of Defendant of equal employment opportunities and have otherwise adversely affected their status as employees because of their sex or, more particularly, because they were pregnant.

16.     The unlawful employment practices complained of herein were intentional.

17.     Defendant committed the unlawful employment practices complained of herein with malice or with reckless indifference to the federally protected rights of Ms. Johnson and other adversely affected pregnant employees and applicants of Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with it, from terminating employees because they are pregnant and from committing any other employment practice which discriminates on the basis of sex, including but not limited to refusing to hire pregnancy employees;

B.  Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices, including, but not limited to, annual training of all supervisors and managers concerning federal sex discrimination law, in particular pregnancy discrimination law, and the development of effective policies to prevent sex and pregnancy discrimination;

C.  Order Defendant to make whole Ms. Johnson and other adversely affected pregnant employees of Defendant by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, front pay or reinstatement;

D.  Order Defendant to make whole Ms. Johnson and other adversely affected pregnant employees of Defendant by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8-13 above, including but not limited to, the value of any lost benefits, in an amount to be determined at trial.

E.      Order Defendant to make whole Ms. Johnson and other adversely affected pregnant employees of Defendant by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of herein, including but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial;

F.      Order Defendant to pay punitive damages to Ms. Johnson and other adversely affected pregnant employees of Defendant for its malicious and reckless conduct described above, in amounts to be determined at trial;

G.      Award the Commission its costs of this action; and

H.      Grant any and all other relief, legal or equitable, which the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.


Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M Street, N.E.
Washington, D.C. 20507

 /s/  Claudia Molina-Antanaitis
Claudia Molina-Antanaitis

Attorney-in-Charge
Bar No. (none – Maryland)
Southern Dist. of Texas No. 1037069
Equal Employment Opportunity Commission
1201 Louisiana Street, Suite 600
Houston, Texas 77002
(713) 651-4952
(713) 651-7995 [facsimile]
claudia.molina@eeoc.gov

OF COUNSEL:

Jim Sacher
Regional Attorney

Rose Adewale-Mendes
Supervisory Trial Attorney
Equal Employment Opportunity Commission
1201 Louisiana Street, Suite 600
Houston, Texas 77002